UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:09-CR-39 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| KELLY SANDERS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Defendant Kelly Sanders moved to suppress evidence and statements obtained by officers of the Chattanooga, Tennessee, Police Department during a search of the room at the Lookout Mountain Inn Suites in Chattanooga, Tennessee, in which he was staying. The motion was referred to United States Magistrate Judge William B. Mitchell Carter, who held a hearing and subsequently filed a report & recommendation ("R&R") recommending Defendant's motion be denied (Court File No. 22). Defendant filed an objection (Court File No. 23). For the following reasons, the Court **OVERRULES** the objection and **ACCEPTS** and **ADOPTS** the R&R (Court File No. 22). Accordingly, Defendant's motion to suppress is **DENIED** (Court File No. 14).

Defendant's objection, and indeed the entire motion, turn on one issue: the credibility of the government's witnesses (Chattanooga Police officers Jason Dugan and Lucas Fuller) versus Defendant's witnesses (himself and his fiancé, Camellia Phinizey). The witnesses' testimony is described in detail on pages 1-9 of the R&R. Under the account articulated by Dugan and supported in part by Fuller, Dugan asked for and received permission from Defendant to search the rooms occupied by him and his family. Such voluntary consent allows a warrantless search. *See United*

States v. McCauley*, 548 F.3d 440, 446 (6th Cir. 2008); *United States v. Moon*, 513 F.3d 527, 537 (6th Cir. 2008). Under the account articulated by the defense witnesses, Defendant did not give consent and the officers barged in to the unit anyway. Such an entry would be an unreasonable search in contravention of the Fourth Amendment to the United States Constitution. *See Moon*, 513 F.3d at 537.

The Magistrate Judge recognized his determination would turn on which of the antithetical testimony he credited. While acknowledging the determination was not "crystal clear," the Magistrate Judge concluded based on the testimony and the witnesses' demeanor that the police officers' testimony was credible and Defendant's and Phinizey's testimony was not credible. He found inconsistencies in Phinizey's testimony. He also suspected Defendant and Phinizey of not being forthright for not knowing the last name of a relative with whom Defendant worked frequently. He found no problems with the officers' testimony, and believed their account to be conceivable.

In his objection, Defendant challenges the Magistrate Judge's credibility determination. He contends Officer Fuller's testimony does not support Officer Dugan's testimony because Fuller testified he did not hear much of the conversation between Dugan and Defendant while his attention was directed elsewhere. He also contends his testimony about Dugan putting his foot in the door is a reasonable interpretation based on his uncontradicted account of opening the door. Defendant also criticizes the Magistrate Judge's reliance on Defendant not knowing the last name of his relative. Since Fuller did not hear everything and Phinizey became "confused" in her testimony, according to Defendant, the credibility determination should have rested solely on Dugan's and Defendant's testimony. And both Dugan and Defendant have reasons to lie, he argues, although he

2

does not explain why Defendant's testimony should be accepted over Dugan's.

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made, 28 U.S.C. § 636(b)(1)(C). But *de novo* review does not require the district court rehear witnesses whose testimony has been evaluated by the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). The Magistrate Judge, as the factfinder, had the opportunity to observe and hear the witnesses and assess their demeanor, putting him in the best position to determine credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999). The Magistrate Judge's assessment of witnesses' testimony is therefore entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003).

The Magistrate Judge's credibility determination is supported by substantial evidence and is not clearly erroneous. It was within his province to credit the testimony of the officers. Although Fuller did not hear everything Dugan said, the officers' testimony was consistent and the Magistrate Judge was entitled to credit it. He was also entitled to find Defendant and his fiancé to be less than credible, especially given the inconsistencies in the fiance's story. Defendant's suggestion that the Magistrate Judge should have considered only the credibility of Dugan and Defendant is without merit. Phinizey was one of Defendant's witnesses. Her "confused" testimony was validly considered by the Magistrate Judge. As for Fuller, who was called by the government as a rebuttal witness, his testimony was also validly considered even though he did not observe or hear the entire situation. It was not error for the Magistrate Judge to consider all the witnesses' testimony in determining which account to credit.

Having credited the police officers' testimony, it necessarily followed that the search was consensual and not in violation of the Fourth Amendment. *See McCauley*, 548 F.3d at 446; *Moon*,

3

513 F.3d at 537.  Accordingly, the Court **OVERRULES** the objection and **ACCEPTS** and **ADOPTS** the R&R (Court File No. 22).  Defendant's motion to suppress is **DENIED** (Court File No. 14).

    **SO ORDERED.**

    **ENTER:**

    **/s/**
    **CURTIS L. COLLIER**
    **CHIEF UNITED STATES DISTRICT JUDGE**