UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:09-CR-39 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| KELLY SANDERS ) | |
| ) | |

**MEMORANDUM**

Defendant Kelly Sanders ("Defendant") has filed *pro se* motions for a new trial, acquittal, and to arrest his judgment (Court File Nos. 69, 70, 71). For the following reasons, Defendant's motions fail to establish grounds for relief and are **DENIED**.

Defendant was charged with (1) possession with intent to distribute a mixture and substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (2) possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C.§ 922(g) (Court File No. 1). Defendant, through previous counsel, filed a motion to suppress asserting he did not give officers consent to search his home, therefore, the drugs and firearm should not be admissible evidence (Court File No. 14). United States Magistrate Judge William B. Carter held a hearing on this motion and subsequently issued a report and recommendation recommending Defendant's motion be denied (Court File No. 28). Defendant's prior counsel filed objections to the credibility determination of the government's witnesses made by the magistrate judge, but after reviewing the record, this Court agreed with the magistrate judge and adopted the report and recommendation (Court File No. 28).

Defendant ultimately decided to proceed *pro se* with standby counsel and a trial was held

before a jury of his peers on February 22, 2010, with a verdict issued the same day. At the close of the government's proof, Defendant moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, which the Court denied. The jury found Defendant guilty on all three counts (Court File No. 64). Defendant has now filed a motion for acquittal based on his failure to consent to a search of his home (Court File No. 69); a motion to arrest judgment based on the Court's lack of jurisdiction (Court File No. 70); and a motion for a new trial based on the ineffective assistance of his prior counsel (Court File No. 71). The Court will address each of Defendant's motions in turn.

### A. Motion for Judgment of Acquittal Under Rule 29

In reviewing a challenge to the sufficiency of the evidence under Fed. R. Crim. P. 29, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Defendant argues the government failed to prove Defendant gave consent to search his home. Defendant does not point to any elements of the offenses which lacked proof, only that the government's evidence should not have been admitted absent the government's proof of consent at trial.

The constitutionality of the search of Defendant's home was litigated as a motion to suppress prior to trial. The Court issued an order adopting the magistrate judge's report and recommendation and finding the search was consensual and did not violate the Fourth Amendment (Court File No. 28). This ruling has now become the law of the case and "as a rule[,] courts should be loathe to [revisit prior decisions] in the absence of extraordinary circumstances." *United States v. Garcia*, 496

F. 3d 495, 514 (6th Cir. 2007). The law-of-the-case doctrine refers to "the practice of courts generally to refuse to reopen what has been decided." *Christianson v. Colt Indus. Oper. Corp.*, 486 U.S. 800, 817 (1988). The government was not required to prove Defendant's consent again at trial as the Court had already ruled on the issue of consent during the motion to suppress earlier in the litigation.

Because Defendant has not shown the evidence was insufficient to support a guilty verdict, the Court will **DENY** Defendant's renewed motion for judgment of acquittal (Court File No. 69).

### B. Motion to Arrest Judgment

Using similar arguments to those made in Defendant's previous motions to dismiss his indictment (Court File No. 53) and to challenge jurisdiction (Court File No.12), Defendant moves to arrest his judgment under Fed. R. Crim. P. 34(a). Defendant argues his judgment should be arrested because the Court lacks jurisdiction and his indictment failed to indicate the specific quantities of drugs or type of firearm seized.

"Upon the defendant's motion or on its own, the court must arrest judgment if: (1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34(a). Defendant argues his indictment fails to charge an offense as it lacks specifics on the amount of drugs seized and the type of firearm. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Here, each of the three counts in the indictment provides the date, the venue, tracks the language in the relevant statute, and does not omit any elements of the charged offenses.

<u>COUNT ONE</u>
The Grand Jury charges that on or about January 15, 2008, in the

> Eastern District of Tennessee, the defendant, KELLY SANDERS, did knowingly, intentionally and without authority possess with intent to distribute a mixture and substance containing cocaine base (also known as "crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).
>
> COUNT TWO
> The Grand Jury further charges that on or about January 15, 2008, in the Eastern District of Tennessee, the defendant, KELLY SANDERS, did knowingly, intentionally and without authority possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

(Court File No. 1). Violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and (b)(1)(D) are not dependent on a specific quantity of a substance, thus the descriptions "mixture and substance containing cocaine base" and "marijuana" combined with the remaining elements from the statute sufficiently charge offenses. Similarly, a violation of 18 U.S.C. § 922(g) is not tied to a specific type of firearm, therefore, the indictment sufficiently charges an offense in Count Three:

> COUNT THREE
> The Grand Jury further charges that on or about January 15, 2008, in the Eastern District of Tennessee, the defendant, KELLY SANDERS, having previously been convicted in a court of crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm; in violation of Title 18, United States Code, Section 922(g).

(*id.*).

Defendant's alternative basis for arresting judgment is the Court lacks jurisdiction because Defendant was not arrested on federal land and the Court only has jurisdiction to police the federally-owned land in the Eastern District of Tennessee (Court File No. 70, p. 1). This Court has addressed its jurisdiction over the federal charges against Defendant in a prior ruling (Court File No. 56) and even reminded Defendant of the magistrate judge's comment that such a filing would be

frivolous if made by an attorney (Court File No. 56, p. 1).

Defendant's allegations regarding this Court's jurisdiction over the offenses and the indictment's failure to charge an offense are without merit. Accordingly, the Court will **DENY** Defendant's motion to arrest judgment.

### C. Motion for New Trial Under Rule 33

Finally, Defendant seeks a new trial based on actions of his prior counsel, namely, he contends ineffective assistance of counsel caused the denial of his suppression motion and his failure to be apprised of previously established motion deadlines and the trial date.

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to order a new trial is committed to a court's sound discretion, which is subject to review for abuse. *United States v. Davis,* 15 F.3d 526, 531 (6th Cir. 1994). In deciding whether a new trial is warranted, a court should primarily concern itself with whether the prior proceedings were fair for the accused. *See Davis*, 15 F.3d at 531-32. Motions for new trials are not favored and should only be granted with great caution and in extraordinary circumstances. *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976); *United States v. Hoffa*, 382 F.2d 856, 862 (6th Cir. 1967). A defendant bears the burden of proving a new trial should be granted. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). To prevail on a motion for new trial based on the ineffective assistance of counsel, "the defendant must show that: (1) counsel's performance was deficient; and (2) it prejudiced the defense in a manner which deprived the defendant of a fair trial." *United States v. Garcia*, 19 F.3d 1123, 1126 (6th Cir. 1994) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Defendant represented himself at trial and the allegations against his prior counsel are

5

inconsistent with the record before the Court. Contrary to Defendant's assertions, his initial counsel filed timely, nonfrivolous objections to the motion to suppress (Court File No. 23). After holding a hearing on Defendant's motion to reappoint counsel (Court File No. 25), Magistrate Judge William B. Carter concluded there was no showing of need to replace counsel (Court File No. 27). Defendant's initial counsel, after listening to Defendant's "request to add additional objections made an assessment that the objections did not have merit" (*id*.). Defendant's allegation his initial counsel's performance was deficient is without factual support and is in contrast to the record. Furthermore, Defendant's knowledge of motion and plea deadlines as well as the trial date is discussed in this Court's previous order denying an extension of these deadlines:

> The Court rescheduled Defendant's plea deadline and trial date in response to a motion to continue filed by Defendant's counsel at the time (Court File No. 42). Notice of the new dates was given to Defendant's counsel, as an agent for Defendant. *See United States v. Dye*, 2009 WL3644655 at *2 (6th Cir. Nov. 5, 2009) (finding notice to attorney was sufficient to establish notice to the defendant). Defendant's decision to continue *pro se* with standby counsel did not change any of the deadlines established by this Court. Further, Defendant has received notice from this Court as to the trial date in the final pretrial conference, which Defendant attended.

(Court File No. 58).

When Defendant made the decision to proceed *pro se*, he voluntarily and knowingly waived his right to counsel and agreed to be responsible for his own representation. This responsibility includes compliance with the deadlines and trial date scheduled by the Court. Defendant has failed to demonstrate how any action by his former counsel warrants a new trial.

Accordingly, the Court finds no basis for vacating the jury's verdict and ordering a new trial and will **DENY** Defendant's alternative motion for a new trial (Court File No. 71).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**