# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| KELLY SANDERS, | ) |
|     *Petitioner*, | ) Case No. 1:09-cr-39 / 1:14-cv-108 |
| v. | ) Judge Travis R. McDonough |
| UNITED STATES OF AMERICA, | ) Magistrate Judge Christopher H. Steger |
|     *Respondent*. | ) |

## MEMORANDUM OPINION

Kelly Sanders ("Petitioner"), a federal prisoner, timely filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255"). (Doc. 91.)[1] He supplemented the motion on April 11, 2014. (Doc. 92.) The government responded (Doc. 97), Petitioner replied (Doc. 97), and Petitioner again moved to supplement his motion (Doc. 98)[2]. For the foregoing reasons, Petitioner's 2255 motion will be **DENIED**.

## I. BACKGROUND

On January 15, 2008, police searched Petitioner's hotel room in Chattanooga, Tennessee, and found cocaine base (crack), marijuana, and a firearm. On March 10, 2009, Petitioner was named in a three-count Indictment and charged with possession with intent to distribute a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and

---

[1] All citations to the district court record are to Case No. 1:09-cr-39, which is the underlying criminal case.

[2] Upon review, the Court finds that Petitioner's motion to supplement (Doc. 98) is **GRANTED**. Because Petitioner's motion includes the information Petitioner wishes to supplement his 2255 motion with however, no additional supplementation will be necessary.

1

(b)(1)(C), possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Doc. 1.)

During the proceedings, Petitioner filed a motion to suppress the evidence police found during the search of his hotel room. (Doc. 14.) The Sixth Circuit, on later appeal, summarized the testimony and the Magistrate Judge's findings regarding the search as follows:

> At the hearing [on the motion to suppress], Officer Jason Dugan of the Chattanooga Police Department testified that the manager of an extended-stay hotel asked him to investigate potential drug trafficking due to constant short-term traffic coming and going from [Petitioner]'s room. When [Petitioner] answered the door, Officer Dugan explained the reason for the visit and asked for permission to search the room. Officer Dugan testified that [Petitioner] "said yes, we could search his room."
>
> [Petitioner] testified that when Officer Dugan informed him of the reason for the visit he opened the door to show Officer Dugan that the "only thing going on was he and his family were getting ready to eat dinner." Contrary to Officer Dugan's testimony, [Petitioner] further testified that when Officer Dugan asked if the officers could search the room, [Petitioner] asked him if he had a search warrant. [Petitioner] stated that when Officer Dugan replied that he did not have a search warrant, [Petitioner] told him that he could not search the room, but Officer Dugan stated that he and the other officers were "going to go ahead and search anyway." [Petitioner] then testified consistently with Officer Dugan with respect to how the officers discovered the marijuana and gun. [Petitioner]'s fiancée, Camellia Phinizey, also testified that [Petitioner] told one of the officers that they needed a search warrant to search the apartment and that the officers replied that "they [were] coming in anyway, and they did."
>
> The magistrate judge found that Phinizey's testimony was inconsistent in several regards, noting that she testified that she did not see the marijuana turned over by [Petitioner] even though she testified that she was in the living room for the first fifteen minutes of the search, during which both Officer Dugan and [Petitioner] testified that [Petitioner] turned the marijuana over to Officer Dugan. She also testified that the officers threatened her and [Petitioner] with taking away their children, but [Petitioner] did not testify about any such threat. Furthermore, the magistrate judge found that neither [Petitioner] nor Phinizey was forthcoming with the name of an individual with whom [Petitioner] stated that he had done some landscaping work. Thus, the magistrate judge determined that [Petitioner] and Phinizey were not credible witnesses. Finding the officers to

be credible, the magistrate judge concluded that [Petitioner] knowingly consented
to the search and recommended that the motion to suppress be denied.

(Doc. 86, Order of USCA.)

Based on these determinations, the Magistrate Judge filed a report and recommendation recommending that the motion to suppress be denied. (Doc. 22.) Defendant objected to the report and recommendation, challenging the Magistrate Judge's determination that Petitioner was not credible. (Doc. 23.) The Court overruled the objection and denied the motion to suppress. (Doc. 28.) Subsequently, Petitioner filed a *pro se* motion to suppress the same evidence. (Doc. 59.) The Court again denied the motion. (Doc. 60.) After a jury trial, Petitioner was found guilty on all three counts. Because of his criminal history, Petitioner was classified as a career offender under the United States Sentencing Guidelines ("USSG") § 4B1.1 for the purpose of sentencing. Petitioner was sentenced to 200 months' imprisonment on Count 1, 60 months' imprisonment on Count 2, and 200 months' imprisonment on Count 3, all to run concurrently. (Doc. 79.)

On appeal, Petitioner contested the District Court's rulings on his suppression motions as well as application of the career offender enhancement. (Docs. 80, 86.) On appeal, the Sixth Circuit affirmed the conviction and sentence. (*Id.*) Petitioner then filed the present 2255, wherein he moves to vacate, set aside, or correct his sentence on the basis that his counsel was ineffective in arguing the motion to suppress. For the following reasons, the Court finds that an evidentiary hearing is not necessary, and the 2255 shall be **DENIED**.

II.     **STANDARD OF REVIEW**

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to

impose the sentence; that the sentence is in excess of the maximum authorized by law; or is otherwise subject to collateral attack.  As a threshold standard, to obtain post-conviction relief under Section 2255, a motion must allege:  (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid.  *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings.  *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993).  In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a Section 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief."  *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.").  If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required.  If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)).  An evidentiary hearing is not required "if the petitioner's

allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

## III.    DISCUSSION

In his 2255, Petitioner contends his counsel was ineffective with regard to the handling of his motion to suppress. (Doc. 91.) Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). *Strickland* provides that to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

> counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Under this prong, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).[3]

In his 2255, Petitioner contends counsel was ineffective in two ways relating to the suppression of evidence. First, Petitioner asserts that counsel should have asked him in the suppression hearing about a 1995 incident in which he claims to have refused to give police consent to a search. Second, Petitioner asserts that counsel failed to introduce new evidence concerning his employment after the suppression hearing concluded.

According to Petitioner, in 1995, he refused a request by law enforcement to search him, the police searched anyway, and the resulting charges were dismissed after marijuana and a firearm found during the search were suppressed. Petitioner contends he told counsel he wanted

---

[3] Although *Strickland* emphasized that both prongs must be established in order for a petitioner to meet his burden, it also held that courts deciding an ineffective assistance claim are not required to approach the inquiry in the same order or to even address both components of the inquiry if one prong has not been met. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

to testify at the suppression hearing about this earlier refusal to a consent search, but counsel advised against it because "it would not help his case" and would "be [his] word against the police." (Doc. 91, at 4.) According to Petitioner, "[p]resenting this evidence would have lent some credence to the petitioner's testimony that he asked for a search warrant and refused the police search, because it can be inferred that the petitioner was responding in the same manner as he had done once before." (Doc. 97, at 3.)

Even if testimony regarding Petitioner refusing consent for a prior search could have supported the suppression motion, the decision not to ask Petitioner about the search during the suppression hearing falls squarely within the confines of counsel's ability to make strategic decisions regarding strategy and does not amount to ineffective assistance. "A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). Here, as the government correctly points out, the Magistrate Judge heard almost identical testimony regarding a subsequent search where Petitioner refused consent and police left without searching the premises and ultimately found that both Petitioner and his girlfriend's testimony was less credible than the officers involved in the search based upon, among other issues, inconsistencies in their testimony and an in-person assessment of their credibility. (Doc. 22, at 12–13.) Therefore, Petitioner has failed to provide a basis from which the Court can find that counsel's strategic decision not to ask about the 1995 incident permeated the proceedings with obvious unfairness. And, therefore, the Court cannot say counsel made an error so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment.

Petitioner's second argument is that counsel provided ineffective assistance by failing to introduce new evidence concerning Petitioner's employment history after the suppression

hearing had concluded. (Doc, 91, at 4.) With his 2255, Plaintiff submitted two affidavits dated August 26, 2013—one from Bryant Stanfield (Doc. 92-3), and one from Bryan Stanfield's wife, Laticia Stanfield (Doc. 92-2). The affidavits aver that Petitioner worked for Stanfield in his tree service business in April, October, and November of 2007 as well as March and April of 2008, when Petitioner was not busy with his own landscaping business. (Docs. 92-2, 92-3.) Petitioner argues counsel was ineffective because he did not move to reopen the suppression hearing so that the Stanfields could testify and bolster Petitioner's credibility during the three-month period between the Magistrate Judge's report and recommendation and the District Court's acceptance and adoption of that report. (Docs. 91, 92.)

The Court does not find that counsel was ineffective by not moving to reopen the suppression hearing so that additional work history evidence could be submitted in an effort to theoretically enhance Petitioner's credibility. First and foremost, it is well settled that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," and that reasonable attorneys may disagree about the best strategy for defending a client. *See Strickland*, 466 U.S. at 690–91; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). The decision not to move to introduce new evidence which is not directly related to suppression certainly falls within the confines of a reasonable counsel's strategic decision-making process.

Next, as the government correctly observes, calling the Stanfields to testify may not have been plausible or wise, given the testimony before the Court and the information before counsel at the time. Both Petitioner and Petitioner's girlfriend testified that he was working for an individual at the time of the search in question. (Doc. 24, at 46, 65.) However, when the Government asked about this work, Petitioner testified that the individual was his cousin's

husband (Doc. 24, at 74), and Petitioner's girlfriend testified that the individual was his uncle (Doc. 24, at 46–47). Furthermore, neither Petitioner nor Petitioner's girlfriend could recall the individual's last name. (Doc. 24, at 46–47, 73–74.) Based on these inconsistencies in testimony, the Court does not find that failing to move to reopen the suppression hearing due to the Stanfield affidavits resulted in Petitioner receiving ineffective assistance of counsel.

Finally, even if the two omissions Petitioner alleges constituted ineffective assistance were found to be error, Petitioner has failed to demonstrate that he was prejudiced by either omission. In order to show prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner has made no such showing. For instance, in his report and recommendation after the suppression proceedings, the Magistrate Judge made a finding as to the credibility of the witnesses. While Petitioner has argued two specific strategic differences he believes would have resulted in a different ruling, the Magistrate Judge cited ample evidence to support his finding. Specifically, when considering the credibility of witnesses, the Magistrate Judge noted that he found no inconsistencies in the officers' testimony and found several inconsistencies in the testimony of Petitioner and Petitioner's girlfriend. (Doc. 22.) As to the testimony of Petitioner's girlfriend alone, for instance, the Magistrate Judge noted at least three inconsistencies in her testimony. (*Id.*) Therefore, because Petitioner has failed to demonstrate prejudice, the Court therefore concludes there is no reasonable probability that, but for counsel's unprofessional errors, assuming they were errors, the result of the suppression hearing would have been different.

IV. **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2255 (c)(2), the Court must determine whether to grant a certificate of appealability. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As a general rule, the Sixth Circuit disapproves of blanket denials of certificates of appealability. *See Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Under *Slack*, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a certificate. 529 U.S. at 484. After reviewing each of Petitioner's claims in detail, the Court finds that reasonable jurists could not conclude that Petitioner's claims deserve further review. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.

V. **CONCLUSION**

For the reasons stated herein, the Court finds that no evidentiary hearing for this motion brought pursuant to 28 U.S.C. § 2255 is necessary. Further, the Court further concludes that on the basis of the record before it, Petitioner is not entitled to relief. Therefore, Petitioner's 2255 Motion (Doc. 91) will be **DENIED**.

**An appropriate order will enter.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**